UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA S. WILLS,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED PARCEL SERVICE (UPS), HANSON BRIDGETT, LLP, and FIRST REPUBLIC BANK,<br><br>    Defendants. | Case No. 19-cv-01819-NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS; DISMISSING UPS FROM THIS CASE**<br><br>Re: Dkt. Nos. 7, 10, 14 |

Pro se plaintiff Cynthia Wills brings claims for breach of contract, negligent infliction of emotional distress, and intentional infliction of emotional distress against defendants United Postal Service, Hanson Bridgett LLP, and First Republic Bank arising out of two checks that she alleges were not delivered. Dkt. No. 1, Ex. 1. Because all claims against UPS are preempted by the Federal Aviation Administration Authorization Act, they are DISMISSED without leave to amend and UPS is DISMISSED from this case. Because Wills fails to allege sufficient facts to state any claims against Hanson Bridgett or First Republic Bank, all claims against these defendants are DISMISSED with leave to amend.

**I.   BACKGROUND**

Cynthia Wills filed this case in state court against defendants United Postal Service, Hanson Bridgett LLP, and First Republic Bank. Dkt. No. 1, Ex. 1 (Complaint). Defendants removed the case to federal court. Dkt. No. 1. This Court denied Wills's

motion to remand. Dkt. No. 39.

Wills's complaint alleges that she entered into "written, oral and implied in fact contract(s)" with First Republic Bank on May 10, 2018, that obligated the bank "to secure timely delivery of a $10,000 check to American Express" for payment on her account. Compl at 6. She alleges that the Bank failed to "secure timely delivery" of the check. *Id.* She also alleges that she and the Bank entered into another "written, oral and implied in fact contract" on July 13, 2018, for the Bank to deliver an $800 check to her. Compl. at 7. She alleges that on July 24, 2018, the Bank failed to deliver her that check. *Id.* Wills alleges that between July 13 and July 17, 2018, the Bank retained its counsel Hanson Bridgett LLP for a "nuts and sluts" defense against her. Compl. at 10, 14. She sent a fax to Hanson Bridgett's managing partner on July 24, 2018, "putting the law firm on notice with regard to secure timely delivery of the $800 check." *Id.* She alleges that Hanson Bridgett intentionally refused to deliver the $800 check. *Id.* Wills brings claims for breach of contract, intentional infliction of emotional distress, and negligent infliction of emotional distress against all defendants. *Id.* at 10–17. Wills seeks compensatory, punitive, and exemplary damages. *Id.* at 14.

All three defendants moved to dismiss the entire complaint. Dkt. Nos. 7, 10, 14. Wills filed her opposition to the motions to dismiss five days past the Court's extended deadline. Dkt. No. 32. The Court nonetheless considers her opposition in deciding this Order. Additionally, the Court held a hearing on the motions to dismiss. Dkt. Nos. 27, 40.

All parties consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Dkt. Nos. 11, 15, 16, 20, 30.

**II. LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are

merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Leave to amend should be granted liberally to pro se plaintiffs. *Id.* at 1128.

## III. DISCUSSION

### A. Breach of Contract

To plead a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). A contract can be created orally, in writing, or through conduct. Cal. Civ. Code §§ 1620–1622. An implied-in-fact contract can be inferred from the parties' conduct. *Division of Labor Law Enforcement v. Transpacific Transportation Co.*, 69 Cal. App. 3d 268, 275 (1977). To establish third-party beneficiary status in relation to a contract, the plaintiff must demonstrate that "[t]he contracting parties . . . intended to confer a benefit on the third party." *Neverkovec v. Fredericks*, 74 Cal. App. 4th 337, 348 (1999).

#### 1. First Republic Bank

Wills alleges that she entered into "written, oral and implied in fact contract(s)" with First Republic Bank in May and July, 2018, for the bank to send a $10,000 check to American Express and then for the bank to send an $800 check to her. Compl. at 6–7. She does not attach copies of written contracts and does not plead facts as to who she spoke

with to establish a verbal contract. Nor does she allege what the terms of the contracts were; Wills calls the contract terms "explicit" but does not state them. *Id*. at 6. Instead, Wills recites legal conclusions such as "[t]he agreements elements included an offer, acceptance of the offer, consideration of value which parties agreed to exchange to complete the contract." Compl. at 6. As pleaded, the Court has no information about the alleged contracts. Wills must describe what the offer was, how it was accepted, and what consideration was exchanged. Without these facts, Wills has not established the first element of her breach of contract claim: that a contract existed. Without alleging the existence of a contract, the complaint cannot state a breach of contract claim.

The Court finds that Wills has not alleged sufficient facts to state a facially plausible claim for breach of contract against the Bank. However, Wills could allege more facts to cure this deficiency. Therefore, the breach of contract claim as to the Bank is DISMISSED with LEAVE TO AMEND.

### 2. United Postal Service

Wills alleges that she was a third-party beneficiary to a shipping contract between UPS and First Republic Bank. Compl. at 15. However, as with the contracts between Wills and the Bank, Wills fails to allege any facts to state that a contract between UPS and the Bank existed in the first place. Moreover, she does not allege that UPS and the Bank intended to confer a benefit upon her as a third party.

UPS argues that Wills's claims against it are preempted by the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), which preempts state law claims "related to price, route or service" of carriers such as UPS. 49 U.S.C. §§ 14501(c)(1), 41713(b)(4)(A). Congress incorporated "broad preemption" when enacting the FAAAA. H.R. Conf. Rep. No. 103-677, at 83 (1994) (this broad preemption is based on the United States Supreme Court's interpretation in *Morales v. TransWorldAirlines, Inc.*, 504 U.S. 374 (1992)). Courts routinely dismiss state-law claims that are based on a carrier's core function as preempted by the FAAAA. *See, e.g., W. Parcel Express v. United Parcel Serv. of. Am., Inc.,* Case No. 96-cv-01526-CAL, 1996 U.S. Dist. LEXIS 18138, at *5 (N.D. Cal.

4

Dec. 3, 1996) (holding that because the plaintiff's "state-law statutory and tort claims seek to apply California law to hold UPS liable for its purporting pricing and service practices, they are clearly preempted by sections 14501(c)(1) and 41713(b)(4)."); *Holmstrom v. United Parcel Servs., Inc.*, 2002 U.S. Dist. LEXIS 26617, at *5 (C.D. Cal. Sept. 18, 2002) (holding that a plaintiff's claims were "barred" when the claims were "intimately connected to UPS's service as a carrier covered under the FAAAA.").

The Court agrees that Wills's breach of contract claim is preempted by the FAAAA because it seeks to apply California law and it relates to the "price, route or service" of UPS's carrying of her $10,000 check from the Bank to American Express. 49 U.S.C. §§ 14501(c)(1), 41713(b)(4)(A). The breach of contract claim as to UPS is therefore DISMISSED. Because the claim fails as a matter of law under FAAAA preemption, Wills is not granted leave to amend.

### 3. Hanson Bridgett, LLP

Wills alleges she entered into a "partially written, partially oral, partially implied in fact" contract with defendant Hanson Bridgett, LLP. Compl. at 11. Hanson Bridgett is First Republic Bank's legal counsel. This contract was related to the delivery of an $800 check. *Id*. Beyond that detail, Wills alleges nothing about the contract such as when it was executed, who from Hanson Bridgett agreed to its terms, or what those terms were. Wills does not allege conduct to support the existence of an applied-in-fact contract. It is unclear, based on the relationship between Wills and Hanson Bridgett, how or why a contract between the parties would have existed at all in the first place.

The Court finds that Wills has not alleged sufficient facts to state a facially plausible claim for breach of contract against Hanson Bridgett. It is therefore DISMISSED. Because Hanson Bridgett is the Bank's legal counsel and otherwise had no relationship with Wills, the Court is skeptical that Wills will be able to state any claim against Hanson Bridgett for breach of contract. However, noting this Circuit's generous standard as to granting leave to amend to plaintiffs proceeding pro se, the Court grants LEAVE TO AMEND the breach of contract claim against Hanson Bridgett.

5

**B. Negligent Infliction of Emotional Distress and Negligence**

To plead a claim for negligent infliction of emotional distress, a plaintiff must allege an underlying tort—NIED is not a standalone cause of action. *Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 205 (2012). In the event that Wills intends to plead a claim for negligence to underly her claim of NIED, the Court analyzes the complaint for a claim of negligence. A claim of negligence requires a duty of care owed by the defendant to the plaintiff, breach of that duty, and damages. *Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 984 (1993). The plaintiff bears the burden of alleging that a duty is owed. *Laico v. Chevron USA, Inc.*, 123 Cal. App. 4th 649 (2004). The plaintiff may allege facts to show that a special relationship or other circumstances create an affirmative duty of care. *Douri v. Spring Val. Water Co.*, 8 Cal. App. 588 (1908).

As to defendants First Republic Bank and Hanson Bridgett, Wills has not alleged the first element of a negligence claim: that the Bank or Hanson Bridgett owed her a duty of care. Nor has she alleged that she and either defendant had a special relationship or that other circumstances created an affirmative duty. Without establishing that the Bank or Hanson Bridgett owed her a duty of care, Wills cannot plead a negligence claim based on a breach of that duty.

The Court finds that Wills has not alleged sufficient facts to state a facially plausible claim for negligence or negligent infliction of emotional distress against the Bank or Hanson Bridgett. However, Wills could allege more facts to cure this deficiency. Therefore, the negligence claims as to the Bank and Hanson Bridgett are DISMISSED with LEAVE TO AMEND.

Wills's negligence claims against UPS again seek to apply California law and relate to the "price, route or service" of UPS's carrying of her $10,000 check from the Bank to American Express and, as such, are preempted by the FAAAA. 49 U.S.C. §§ 14501(c)(1), 41713(b)(4)(A). The negligence claims as to UPS are therefore DISMISSED. Because the claims fail as a matter of law under FAAAA preemption, Wills is not granted leave to amend.

**C. Intentional Infliction of Emotional Distress**

To plead a claim for intentional infliction of emotional distress, a plaintiff must allege (1) extreme and outrageous conduct by the defendant; (2) intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of the emotional distress. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id.* at 1050–1051. The emotional distress endured must be of "such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Potter*, 6 Cal. 4th at 1004.

As to defendants First Republic Bank and Hanson Bridget, Wills does not allege any facts to suggest that either defendant engaged in extreme or outrageous conduct. Wills only alleges that a check was lost in the mail. Not only is this conduct not outrageous, it is rather ordinary. Neither does Wills allege that any defendant caused her distress intentionally or with reckless disregard. Wills further fails to allege that she endured substantial or enduring emotional distress. Her distress involved damage to her credit, negotiation with American Express, and loss of economic opportunity. Compl. at 11. The Court appreciates Wills's suffering, but as alleged, it does not rise to the level of distress beyond what a person in a civilized society should be expected to ever endure. *Potter*, 6 Cal. 4th at 1004.

Wills has not alleged sufficient facts to state a facially plausible claim for intentional infliction of emotional distress against the Bank or Hanson Bridgett. However, Wills theoretically could allege more facts to cure this deficiency. Therefore, the intentional infliction of emotional distress claims as to the Bank and Hanson Bridgett are DISMISSED with LEAVE TO AMEND.

Wills's IIED claim against UPS again seeks to apply California law and relates to the "price, route or service" of UPS's carrying of her $10,000 check from the Bank to American Express and, as such, is preempted by the FAAAA. 49 U.S.C. §§ 14501(c)(1),

7

41713(b)(4)(A). The IIED claim as to UPS is therefore DISMISSED. Because the claim fails as a matter of law under FAAAA preemption, Wills is not granted leave to amend.

**IV. CONCLUSION**

Wills's claims for breach of contract, negligent infliction of emotional distress (and underlying negligence), and intentional infliction of emotional distress as to defendants First Republic Bank and Hanson Bridgett LLP are DISMISSED with LEAVE TO AMEND. All claims against United Postal Service are DISMISSED. UPS is hereby DISMISSED from this case.

Wills may file an amended complaint against the Bank and Hanson Bridgett by **July 31, 2019**. At the hearing on the motions to dismiss, the plaintiff stated that she had past difficulty in receiving mail from the defendants and the Court but confirmed that her address in the record is accurate and that no such issues should persist. Wills may not add any new defendants or claims without leave of Court. The Court cautions Wills that failure to cure the deficiencies identified in this Order by the deadline may result in the Court dismissing this case with prejudice.

Finally, the Court directs the plaintiff to the Federal Pro Se Program, which provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is located in Room 2070 of the San Jose United States Courthouse, and is available by appointment Monday through Thursday, 9:00 a.m. – 4:00 p.m. and can be reached by phone at (408) 297-1480.

**IT IS SO ORDERED.**

Dated: July 8, 2019

NATHANAEL M. COUSINS
United States Magistrate Judge