UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA S. WILLS and CARMEL RESORT SUPPLY,<br><br>Plaintiffs,<br><br>v.<br><br>HANSON BRIDGETT, LLP, and FIRST REPUBLIC BANK,<br><br>Defendants. | Case No. 19-cv-01819-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS; DISMISSING CASE**<br><br>Re: Dkt. Nos. 48, 49 |

Pro se plaintiff Cynthia Wills brings claims for breach of contract, negligent infliction of emotional distress, and intentional infliction of emotional distress against defendants Hanson Bridgett LLP and First Republic Bank arising out of two checks that she alleges were not delivered on time. Dkt. No. 1, Ex. 1. Because Wills fails to allege sufficient facts to state any claims against Hanson Bridgett or First Republic Bank, all claims against both defendants are DISMISSED. No claims remain, so the case is hereby DISMISSED.

**I.  BACKGROUND**

Cynthia Wills filed this case pro se in state court against defendants United Postal Service, Hanson Bridgett LLP, and First Republic Bank. Dkt. No. 1, Ex. 1 (Complaint). Defendants removed the case to federal court. Dkt. No. 1. This Court denied Wills's motion to remand. Dkt. No. 39. Defendants filed motions to dismiss all claims. Dkt. Nos. 7, 10, 14. The Court held a hearing on the motions. Dkt. No. 40. The Court granted the motions to dismiss, dismissing former defendant UPS from the case. Dkt. No. 42. The

Court dismissed all of Ms. Wills's claims against Hanson Bridgett and First Republic Bank, and granted Ms. Wills leave to amend. Dkt. No. 42.

The amended complaint lists "Cynthia S. Wills" and "Carmel Resort Supply" as plaintiffs. Dkt. No. 42 at 1. She explains that she is "an individual and sole proprietor, d/b/a Carmel Resort Supply." *Id*. Wills's amended complaint alleges that she entered into "partly written . . . oral and implied in fact contract/s" with First Republic Bank on May 10, 2018, that obligated the bank "to secure timely delivery of a $10,000 check to American Express" for payment on her account. FAC ¶ 9. She alleges that the check was not received by American Express on time, causing her to miss a payment.[1] *Id*. She alleges that she requested another check from FRB on July 13, 2018, this time for $800 and for delivery directly to her. FAC ¶ 10.

Wills alleges that sometime between July 13 and July 19, 2018, she received a call from an attorney at Hanson Bridgett, a law firm representing FRB. FAC ¶ 11. She expressed concern in that phone call about the issues with the $10,000 check. *Id*. On July 19, 2018, Wills received a letter from Hanson Bridgett stating that FRB had retained their firm "to review [her] accusations and address [her] harassment of various personnel in offices in San Francisco and other bank branches," and informing her that her FRB account was being closed. *Id*. The $800 check was not enclosed with the letter. *Id*. Wills found herself "in ***banking hell***." *Id*. (emphasis in original).

Wills attaches to her complaint a letter from Hanson Bridgett dated July 20, 2018, which states that two checks were awaiting pick-up at the United States Post Office (one for $800, and one for $3,571.84). Dkt. No. 43, Ex. 3. The letter states that "[a]n employee of the United States Postal Service telephonically confirmed that the check is there waiting

---

[1] The amended complaint is not clear as to when the $10,000 check was eventually delivered. Wills states that "[later] AE then informed Wills that the $10,000 check received bounced," which appears to indicate that the check was delivered at some point. FAC ¶ 9. She sent a letter to FRB concerning the $10,000 check on July 10, 2018, so the amended complaint seems to suggest that it was delivered before that date. FAC ¶ 10. She later states that she "worked extensively with American Express to resolve the nightmare involving the $10,000.00 check, which lasted until the third week in September and wasn't fully resolved until late October," though that resolution is not detailed. FAC ¶ 11.

for you to pick it up." *Id*. Wills also attaches a letter that she wrote to Hanson Bridgett on July 24, 2018, stating that she would not cash the checks and requesting that they be sent to a different location. Dkt. No. 43, Ex. 4. She received the checks at that new location on July 26, 2018. FAC ¶ 11. Timing was so tight that she had to hand deliver her next payment to her creditor. *Id*. Wills states that her business suffered and that she was forced to vacate her office space as a result of defendants' actions. *Id*.

FRB and Hanson Bridgett moved to dismiss the entire complaint. Dkt. Nos. 48, 49. Wills filed an opposition to the motions. Dkt. No. 52. All parties consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. Nos. 11, 15, 16, 30.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

### A. Breach of Contract

To plead a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach;

3

and (4) resulting damages to the plaintiff. *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). A contract can be created orally, in writing, or through conduct. Cal. Civ. Code §§ 1620–1622. An implied-in-fact contract can be inferred from the parties' conduct. *Division of Labor Law Enforcement v. Transpacific Transportation Co.*, 69 Cal. App. 3d 268, 275 (1977).

### 1. First Republic Bank

Wills alleges that she entered into written, oral, and implied in fact contract(s) with First Republic Bank in May and July, 2018, for the bank to send a $10,000 check to American Express and then for the bank to send an $800 check to her. FAC ¶¶ 9–10. In its previous order granting FRB's motion to dismiss the original complaint, the Court found that Wills had not pleaded facts to establish that a contract existed between herself and FRB in the first place. Dkt. No. 42 at 3. The Court stated that "Wills must describe what the offer was, how it was accepted, and what consideration was exchanged" in order to allege that a contract existed to state a claim for breach. *Id*.

Wills has not cured this deficiency in the amended complaint. She calls the contract between herself and FRB "a valid a binding contract," "valid and enforceable," and "in full force and effect." FAC ¶ 13, 15. But the Court cannot determine what contract ever existed. As the Court pointed out in its previous order, Wills does not attach copies of ay alleged written contracts, nor does she describe their terms. Wills alleges that she spoke on the phone with an FRB employee but not that any contract was formed on any call. FAC ¶ 9. In a section of the amended complaint titled "Contract Overview and Breach," Wills states that she sent an Unfair Trade Practices Act letter to FRB's corporate office but again describes no contract between her and any FRB representative.

Instead of facts, Wills's breach of contract claim consists of legal conclusions. Therefore, the Court finds that Wills has not cured the deficiencies identified in its prior order. Wills's amended complaint fails to allege sufficient facts to state a facially plausible claim for breach of contract against FRB. The breach of contract claim against FRB is DISMISSED. Having already had an opportunity to allege additional facts and

having failed to do so, the Court finds that further amendment would be futile.

### 2. Hanson Bridgett, LLP

Wills alleges "the 2018 Agreement/s between Wills and Hanson Bridgett LLP was a valid and binding contract." FAC ¶ 26. It is unclear what agreement(s) this refers to, except possibly a 2018 IRA Withdrawal Authorization form that Wills attaches to the complaint. Dkt. No. 43, Ex. 2. This form is not a contract between Wills and Hanson Bridgett. Hanson Bridgett did not sign the form, is not mentioned on the form, and Wills does not allege that anyone from Hanson Bridgett ever saw, read, or had knowledge of the form. Wills does not allege the existence of any other "2018 Agreement/s" between herself and the law firm. Wills alleges vaguely that Hanson Bridgett was obligated to "honor" any contract between herself and FRB. FAC ¶ 2. However, as the Court found above, Wills has not alleged the existence of any contract between herself and FRB and, further, has not shown why any such contract would obligate Hanson Bridgett.

The Court's order granting the defendants' previous motion to dismiss stated: "[b]ecause Hanson Bridgett is the Bank's legal counsel and otherwise had no relationship with Wills, the Court is skeptical that Wills will be able to state any claim against Hanson Bridgett for breach of contract." Dkt. No. 42. Indeed, the Court finds that Wills has not alleged sufficient facts to state a facially plausible claim for breach of contract against Hanson Bridgett. The breach of contract claim against Hanson Bridgett is DISMISSED. Having already had an opportunity to allege additional facts and having failed to do so, the Court finds that further amendment would be futile.

### B. Negligent Infliction of Emotional Distress and Negligence

To plead a claim for negligent infliction of emotional distress, a plaintiff must allege an underlying tort—NIED is not a standalone cause of action. *Ragland v. U.S. Bank Nat'l Assn.*, 209 Cal. App. 4th 182, 205 (2012). In the event that Wills intends to plead a claim for negligence to underly her claim of NIED, the Court analyzes the complaint for a claim of negligence. A claim of negligence requires a duty of care owed by the defendant to the plaintiff, breach of that duty, and damages. *Potter v. Firestone Tire & Rubber Co.*, 6

Cal. 4th 965, 984 (1993). The plaintiff bears the burden of alleging that a duty is owed. *Laico v. Chevron USA, Inc.*, 123 Cal. App. 4th 649 (2004). The plaintiff may allege facts to show that a special relationship or other circumstances create an affirmative duty of care. *Douri v. Spring Val. Water Co.*, 8 Cal. App. 588 (1908).

In its previous order granting the defendants' motion to dismiss this claim, the Court found that Wills had not alleged the first element of negligence: that FRB or Hanson Bridgett owed her a duty of care. Dkt. No. 42 at 6. Neither did Wills allege that a special relationship existed between herself and either defendant to create an affirmative duty of care. *Id*. Again, Wills's amended complaint fails on these grounds. The amended complaint states the legal conclusion that "[t]he Defendant engaged in negligent conduct and had a legal duty to use reasonable care to avoid causing the Plaintiff harm and owed a duty of care to protect Wills from reasonably foreseeable negative consequences." FAC ¶ 35. But Wills states no factual grounds for this alleged "duty" as to either defendant. As with the original complaint, without establishing that the Bank or Hanson Bridgett owed her a duty of care, Wills cannot plead a negligence claim based on a breach of that duty.

The Court finds that Wills has not alleged sufficient facts to state a facially plausible claim for negligence or negligent infliction of emotional distress against FRB or Hanson Bridgett. The NIED claim as to both defendants is DISMISSED. Having already had an opportunity to allege additional facts and having failed to do so, the Court finds that further amendment would be futile.

**C. Intentional Infliction of Emotional Distress**

To plead a claim for intentional infliction of emotional distress, a plaintiff must allege (1) extreme and outrageous conduct by the defendant; (2) intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation of the emotional distress. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009). Conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Id*. at 1050–1051. The emotional distress endured must be of "such substantial quality or enduring quality

that no reasonable [person] in civilized society should be expected to endure it." *Potter*, 6 Cal. 4th at 1004.

The Court previously found that Wills's original complaint failed to state a claim for IIED because she did not allege extreme or outrageous conduct. Dkt. No. 42 at 7. The conduct alleged in the amended complaint is the same as in the first, with minor additional details. The amended complaint is still based on two checks that did not arrive in the mail on time. As the Court previously stated, "not only is this conduct not outrageous, it is rather ordinary." *Id*. Wills further fails to allege that any defendant caused her distress intentionally or with reckless disregard. She only states legal conclusions, such as "Hanson Bridgett LLPs' [sic] intentional and reckless failure and refusal to secure timely delivery" of her check "was extreme and outrageous." FAC ¶ 40. This conclusory language does not include facts that go toward stating a claim.

Moreover, Wills still fails to allege that she endured substantial or enduring emotional distress. Wills states that her business suffered and that she was forced to vacate her office space as a result of defendants' actions. FAC ¶ 11. The Court still appreciates Wills's suffering, but, as alleged, it does not rise to the level of distress beyond what a person in a civilized society should be expected to ever endure. *Potter*, 6 Cal. 4th at 1004.

Wills has not alleged sufficient facts to state a facially plausible claim for intentional infliction of emotional distress against FRB or Hanson Bridgett. The IIED claim against both defendants is DISMISSED. Having already had an opportunity to allege additional facts and having failed to do so, the Court finds that further amendment would be futile.

**D. Claims by Carmel Resort Supply**

Finally, the Court considers whether plaintiff "Carmel Resort Supply" has any claims that are independent of Wills. The amended complaint alleges on page one that Wills is a "sole proprietor, d/b/a Carmel Resort Supply." She does not allege that Carmel Resort Supply entered into any contract or suffered any damages separate and apart from her own. The Court concludes that any claim by Carmel Resort Supply should be

7

dismissed for the same reasons as the claims asserted by Wills. As a consequence, the defendants' motions to dismiss are granted as to Carmel Resort Supply.

## IV. CONCLUSION

Plaintiffs' claims for breach of contract, negligent infliction of emotional distress (and underlying negligence), and intentional infliction of emotional distress against defendants First Republic Bank and Hanson Bridgett LLP are DISMISSED. The Court finds that further opportunity to amend would be futile. Accordingly, this case is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: September 13, 2019  _____
NATHANAEL M. COUSINS
United States Magistrate Judge